

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

March 8, 1962

Honorable Howard D. Dodgen
Executive Secretary
Game and Fish Commission
Austin, Texas

Opinion No. WW-1275

Re: Whether the Game &
Fish Commission has
the authority to
regulate the size of
oysters to be taken
from private oyster
leases in Galveston
and Chambers Counties
and related question.

Dear Mr. Dodgen:

You have requested the opinion of the Attorney General by your letter of January 16, 1962, as to the following:

Based on Article 4042, V.C.S., 1925; Article 968, V.P.C. 1925, Article 971, V.P.C., 1925, Acts 1957, 55th Leg. R.S. ch. 217, and other applicable statutes:

   1. Does the Game and Fish Commission have authority to regulate the size of oysters to be taken from private oyster leases in Galveston and Chambers Counties?

   2. Does the Game and Fish Commission have authority to fix a size of less than three and one-half inches on oysters taken from public reefs in Galveston and Chambers Counties by proclaiming a smaller size limit for any and all public reefs in that area, or must such proclamation be issued separately for each distinct reef?

The first question involves this language from Article 4042, V.C.S., 1925: "...oysters taken from or deposited in the public waters of this state as herein provided shall become the personal property of the person or corporation so taking or depositing them."

It is contended that this language operates so as to deprive the Game and Fish Commission of the power of control over oysters taken and deposited in accordance

Hon. Howard D. Dodgen    page 2    (WW-1275)

with Article 4042.  The theory of this contention is that State power of regulation is based upon State ownership of wildlife resources in the public waters, Article 4026, V.C.S., 1925.  By the transfer of title in Article 4042, it is said that the State (Game and Fish Commission) has lost all power of regulation, Jones v. State, 45 SW2d 612, (Tex. Crim., 1932).  Therefore, it is contended that the Game and Fish Commission has lost the power to enforce size limit regulations under Articles 971, V.P.C. 1925 and 4042, V.C.S. 1925.

Such a contention is the equivalent of a statement that private property is not subject to regulation by the State, and this is true to a limited extent.  The Jones case, supra, held that the game and fish laws of Texas did not apply to game fish in a tank on private lands, since the waters of such a tank were not public waters and the fish therein were not at large to swim wherever their natural inclinations should dictate.

The language quoted above does not expressly remove any statutory power given the Game and Fish Commission to regulate the oyster industry.  It merely transfers title to the oysters from the State to the oysterman.

Under proper Constitutional and Legislative authority, the State has the power to regulate private property in the interest of conservation of natural resources, Constitution 1876, Article 16, Section 59, Marrs v. Railroad Commission, 142 Tex. 293, 177 SW2d 941, Brown v. Humble Oil and Refining Co., 126 Tex. 296, 83 SW2d 935.

Has the Legislature exercised this power as to oysters placed in accordance with Article 4042 on private oyster leases in Galveston and Chambers Counties?

The statutes governing the operation of the Texas oyster industry are numerous, and to preserve continuity in this opinion, they are set out in the Appendix at the end of this opinion.

It will be noted that four classifications of oyster beds are contemplated by the statutes. These are:

1.) Public or natural oyster beds. Article 4027, V.C.S., 1925,

2.) Riparian artificial oyster beds, Article 4028, V.C.S., 1925,

3.) Artificial leased oyster beds, grown from seed, Articles 4035 through 4041, inclusive, V.C.S., 1925,

4.) Artificial leased oyster beds used to prepare oysters for market, Article 4042, V.C.S., 1925.

Oyster size limits are set forth in Articles 4042, V.C.S., 1925 and 971, V.P.C., 1925. In Article 4042, the application is to the taking of oysters from public beds for transplanting to one of the private categories. Article 971 of the Penal Code is of general application. It will be noted that no part of Article 971 indicates any legislative intent to exempt any category of private lease from its operation. Unless there is some other statute dealing with the question which would take private leases out from the operation of Article 971, we must hold that it governs private leases.

It is necessary to construe statutes passed at the same Legislature together to ascertain the Legislative intent.

All Acts of the Legislature are presumed valid and conflicts in the Statutes must be harmonized if at all possible.

Article 961, V.P.C., 1925, indicates that it is a complete defense to a prosecution for a violation of oyster conservation laws that the oysters in question were produced on a riparian artificial bed. Therefore we hold that the State has relinquished all right of control over oysters produced from riparian artificial beds.

Article 968, V.P.C., 1925, is cited as indicating a Legislative intent that the State has similarly relinquished the right of control over the lease type private oyster beds. Article 968 denounces as a crime the shipping or receiving for shipment of oysters from public beds during the period from May 1st to September 1st of any year. It further says that such shipment is not a crime when the oysters are "taken from a private bed located under the laws of this State."

It is apparent from this language that no violation of the harvest season law (Article 966 V.P.C., 1925, closed from April 1st to September 1st) is contemplated by the Legislature in the case of private oyster beds. We think, however, that any release of State authority pursuant to the shipment law is limited to seasonal criteria and does not affect the general supervision and control of the State, praticularly since Article 968 has reference to seasons and Article 971 refers to sizes.

We are aware of no other statute which makes inroads on the general authority to regulate oyster sizes conferred by Article 971.

In connection with general authority over oystering in Chambers and Galveston Counties, it is necessary to take notice of Chapter 217, Acts of the 55th Legislature, 1957. This law, set forth in the Appendix, sets up penal laws setting the season, equipment, hours and daily maximum harvest. The only requirement in Chapter 217 as to size is that the oysters be "of legal size." We take this to be a reference to Articles 971 and 4042. We express no opinion as to the effect of Chapter 217 on riparian artificial beds, but we note that it purports to apply generally to oysters in Galveston and Chambers Counties, therefore it must apply to private non-riparian oyster locations.

It is the opinion of the Attorney General that since Article 971, V.P.C., 1925, confers on the Game and Fish Commission power to regulate oyster sizes and there appears to be no statute which serves to deprive the Commission of such power as to private, non-riparian, leases, the Commission has authority to regulate the size of oysters taken from private, non-riparian, oyster leases in Galveston and Chambers Counties.

As to the second question, the power to reduce sizes on any reef includes the power to reduce sizes on all reefs and a valid reduction may be accomplished in an omnibus proclamation without naming specific reefs.

Hon. Howard D. Dodgen    page 5    (WW-1275)


APPENDIX

a)  Revised Civil Statutes, 1925

Article 4027

        All oyster beds not designated private shall be
public.  All natural oyster beds and reefs of this State
shall be public.  A natural oyster bed shall be declared
to exist when as many as five barrels of oysters may
be found therein within twenty-five hundred square feet
of any position of said reef or bed; and any lands covered
by water containing less oysters than the above amount
shall be subject to location at the discretion of the
Commissioner, but this shall not apply to a reef or bed
that has been exhausted within a period of eight years.

Article 4028

        Whenever any creek, bayou, lake or cove shall be
included within the metes and bounds of any original grant
or location of land in this State, the lawful occupant of
such grant or location shall have the exclusive right to
use said creek, lake, bayou or cove for gathering, planting
or sowing oysters.  The Commissioner may require the owner
of oysters claimed to be produced on such lands, when such
oysters are offered for sale, to make affidavit that such
oysters were produced on such lands.  If said creek, bayou,
lake or cove is not so included, then the exclusive right
of the riparian owner shall, whenever the width of such
creek, bayou, lake or cove is two hundred yards or less,
extend to the middle thereof, and wherever the width of
such waters is more than two hundred yards, extend one hun-
dred yards from shore.  The right of the riparian owner
for planting oysters along any bay shore in this State
shall extend one hundred yards into the bay from high
water mark or where the land survey ceases.  The riparian
owner's right to any natural oyster bed located on such
one-hundred-yard reservation shall not be exclusive.

Article 4035

        Any person who is a citizen of the United States
or any domestic corporation shall have the right of ob-
taining a location for planting oysters and making private
oyster beds within the public waters of this State, by making
written application to the Commissioner describing the
location desired.  A fee of twenty dollars cash must accompany
such application.

Article 4036

When the application and fee provided for in the preceding article have been received by the Commissioner he shall examine thoroughly the location desired, as soon as practicable, with tongs, dredge or any other efficient means. If the same be not a natural oyster bed or reef, and exempt from location by any article of this chapter, he shall have the location surveyed by a competent surveyor. In making said location, said surveyor shall plant two iron stakes or pipes on the shore line nearest to the proposed location, one at each end of the proposed location, which said stakes or pipes shall not be less than two inches in diameter, and be set at least three feet in the ground. Said stakes or pipes shall be placed with reference to bearings of not less than three natural or permanent objects or landmarks. And the locator shall place and maintain under the direction of the Commissioner a buoy at each corner of his oyster claim farthest from the land. No person shall locate water or ground covered with water for planting oysters along any bay shore in this State, nearer than one hundred yards from the shore.

Article 4037

The Commissioner shall give the locator a certificate signed and sealed by the Commissioner. Such certificate shall show the date of application, date of survey, number, description of metes and bounds with reference to the points of the compass and natural and artificial objects by which said location can be found and verified. The locator shall, before such certificate is delivered to him, pay the Commissioner surveyor's fees and all other expenses connected with establishing such location. If such sums, as costs of the location and establishment of the claim, are less than twenty dollars paid to the Commissioner, the difference in amount shall be returned to such locator by the Commissioner. If such expenses amount to more than twenty dollars the deficit shall be paid to the Commissioner by the locator.

At any time not exceeding sixty days after the date of such certificate of location, the locator must file the same with the county clerk of the county in which the location is situated, who shall record the same in a well-bound book kept for that purpose, and the original with a certificate of registration shall be returned to the owner or locator; the clerk shall receive for the recording of such certificate the same fee as for recording deeds; the original or certified copies of such certificate shall be admissable in evidence under the same rule governing the admission of deeds or certified copies thereof.

## Article 4038

Any person who shall be granted a certificate of location as provided for in the preceding article shall be protected in his possession thereof against trespass thereon in like manner as freeholders are protected in their possession as long as he maintains all stakes and buoys in their original and correct position, and complies with all laws, rules and regulations governing the fish and oyster industries.

## Article 4039

No person, firm or corporation shall ever own, lease or otherwise control more than one hundred acres of land covered by water, the same being oyster locations under this chapter, and within the public waters of this State; and any person, firm or corporation that now holds more than one hundred acres of oyster locations, shall not be permitted hereafter to acquire, lease or otherwise control more; provided that no corporation shall lease or control any such lands covered by water unless such corporation shall be duly incorporated under the laws of this State.

## Article 4040

Any person, firm or corporation who has secured, or may hereafter secure a location for a private oyster bed in this State, shall keep the two iron stakes or pipes and buoys as provided for by law, in place, and shall preserve the marks so long as he is the lessee of said location, and this shall apply also to any person, firm or corporation acquiring any location by purchase or transfer of any nature, and said locator or the assignee of any locator shall have the right to fence said location or any part thereof; provided that said fence does not obstruct navigation through or into a regular channel or cut leading to other public waters.

## Article 4041

The owner or locator of private oyster beds under the foregoing provisions shall not be required to pay any rentals on such locations for a period of five years, or till such time as he shall begin to market or sell oysters from such location or bed. When such locator shall begin to sell or market oysters from such location, he shall pay the State one dollar and fifty cents per acre per annum and two cents a barrel on oyster sales. Failure to pay such rentals by the first day of March each year shall annul and be a forfeiture of his lease. And if oysters are not marketed or sold from such location within five years from the date of location, such location shall become void.

## Article 4042

Any person who is a citizen of the State of Texas, or any corporation chartered by the State to engage in the culture of oysters or transact business in the purchase and sale of oysters and fish, and composed of American citizens, wishing to plant oysters on their own oyster locations or take oysters from oyster reefs and public waters of the State for the purpose of preparing them for market, shall make application to the Commissioner for permission to do the same. In such application the applicant shall set out distinctly the purpose for which he desires such oysters and also the number or amount that he desires to take from the beds and waters mentioned. The Commissioner may grant such permit or he may refuse to do so. If he should grant such permit, he shall require the applicant to take the oysters he is authorized to take from beds or reefs designated by such Commissioner and name them in the permit, and it shall be unlawful for any person to take oysters of less size than three and one-half inches from hinge to mouth from any such designated beds or reefs unless authorized to do so by the Commissioner; he shall mark off the exact area of such beds or reefs from which such oysters shall be taken; he shall designate the bottoms on which such oysters shall be deposited, if they are taken to be prepared for market; he shall require the applicant to cull the oysters on the grounds where they are to be located; he shall state what implements such as tongs and dredges shall be used in taking such oysters, and he shall make and enforce all other regulations he may think necessary to protect and conserve the oysters on such public reefs or beds. All oysters taken from or deposited in the public waters of this State as herein provided shall become the personal property of the person or corporation so taking or depositing them. Such person or corporation shall, by buoys or stakes or by fences, clearly and distinctly mark the boundaries of the private bed planted, or the boundaries of the deposit of oysters made for preparation for market; and no prosecution of anyone shall be permitted for taking such oysters unless the boundaries of such beds and deposits are established and maintained.


b)  Penal Code, 1925

## Article 961

When any creek, bayou, lake or cove shall be included within the metes and bounds of any original grant or location of land in this State, the lawful occupant of

such grant or location shall have the exclusive right to use said creek, lake, bayou or cove for gathering, planting, or sowing oysters within the metes and bounds of the official grant or patent. The Commissioner may require the owner of oysters produced in said waters when offered for sale, to make an affidavit that such oysters were so produced. The failure of the person claiming that such oysters were produced on his private oyster bed or bottoms, to have and to show such affidavit to the Commissioner or one of his deputies, or to whoever he offers such oysters for sale, shall be presumptive that such oysters were taken from a public bed, and on prosecution for the same it shall devolve on the defendant to show that such oysters were taken from his private bed, or bottom of oysters.

## Article 966

Whoever shall take or catch oysters from any public beds or reefs for sale or for market from the first day of April to the first day of September, shall be fined not less than ten nor more than two hundred dollars. Each day is a separate offense. That part of the Laguna Madre which is South and West of Baffin's Bay is exempt from the operation of this article.

## Article 971

Any person offering for sale, or who shall sell, any cargo of oysters which shall contain more than five per cent young oysters shall be fined not less than ten nor more than two hundred dollars. Any oyster that measures less than three and one-half inches from hinge to mouth shall be deemed a young oyster for the purpose of this chapter. The Commissioner is authorized to permit the taking of oysters of less size than three and one-half inches from any reef he may designate but it shall be unlawful to take any oysters from reefs other than those designated by such Commissioner, and any one taking such oysters smaller in measurement than three and one-half inches from hinge to mouth from other than such reefs as designated by such Commissioner shall be fined not less than twenty-five nor more than two hundred dollars.

c) Session Laws

## Chapter 217, Acts 1957, 55th Legislature

Section 1. It shall be unlawful to take or catch oysters from the public waters of Chambers and Galveston Counties for the market from the first day of April to the first day of November.

Section 2.  In the public waters of Chambers and Galveston Counties no person shall operate or have in use from any one (1) boat more than one (1) oyster dredge which shall not exceed thirty-six (36) inches in width across the mouth and shall not have a capacity in excess of two bushels.

Section 3.  During the open season herein provided, it shall only be lawful to take or catch oysters from the public waters of Chambers and Galveston Counties from sunrise to sunset.

Section 4.  No person, firm or corporation shall have on board any commercial fishing boat, barge, float, or other vessel while in the public waters of Chambers and Galveston Counties more than fifty (50) barrels of oysters which shall be culled oysters of legal size.  If a boat is pulling or towing another boat or boats, then such towing and towed boats combined shall not have aboard more than fifty (50) barrels of oysters, culled and of equal size.  As used herein, a barrel is equivalent to three (3) bushels.

Section 5.  Any person violating any of the provisions of this Act shall be fined not less than Twenty-five Dollars ($25) nor more than Five Hundred Dollars ($500).

### S U M M A R Y

#### 1

The Game and Fish Commission has no regulatory power over private cultivated oyster leases operated by the riparian owner located within an original grant of land from the sovereign of Texas, other than that the Commission may require an affidavit at the time of sale that the oysters were produced from such a reef.

#### 2

The Game and Fish Commission has authority to regulate the size of oysters taken from other private oyster leases in Galveston and Chambers Counties.

#### 3

The Game and Fish Commission may lower the size of oysters taken from public reefs in

Galveston and Chambers Counties by a general proclamation or by a specific proclamation.

Yours very truly,

WILL WILSON
Attorney General of Texas

By _John E. Leonarz_
   John E. Leonarz

JEL:bjh

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

John Reeves
Gordon Zuber
Virgil Pulliam

REVIEWED FOR THE ATTORNEY GENERAL
BY:  Houghton Brownlee, Jr.